IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 1:12-CV-658-MHT |
| | ) |
| LESTER MCCAA, | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). On August 3, 2012, the District Judge entered an Order (Doc. 3) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."

Because Plaintiff has requested leave to proceed *in forma pauperis*, the court is obligated to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Upon review of Plaintiff's Complaint, the undersigned RECOMMENDS that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction" and, as such, they possess only the

power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). "If the court finds that it does not have subject matter jurisdiction, 'the court's sole remaining act is to dismiss the case for lack of jurisdiction.'" *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (internal citation omitted).

Plaintiff, proceeding *pro se*, brings this action against her former husband "seeking the recovery of Past due child support." Compl. (Doc. 1). Plaintiff states "Defendant is in the rear of paying child support the Plaintiff is seeking felony prosecution against the Defendant Federal Child Support Recovery Act of 1992 with the passage of the Deadbeat parent punishment Act of 1998 which is a federal crime that carries a maximum prison sentence of two years for parents who owe at least $10,000.00 or are at least two years behind in their child support obligation and possess two contempt citations for failure to obey their child support order." *Id.*

The Child Support Recovery Act of 1992, 18 U.S.C. § 228, ("CSRA") is a federal criminal statute, which allows for criminal prosecution of persons who willfully fail to pay

established child support obligations to a child who resides in a different state from defendant.[1] The CSRA was designed to aid in the enforcement of state-ordered child support obligations. However, the CSRA does not provide a private right of action for an individual to sue for child support. In *Alaji Salahuddin v. Alaji*, 232 F.3d 305 (2d Cir. 2000), the Second Circuit addressed the very issue presented in this case, finding that the CSRA provides for neither an explicit nor an implicit private right of action. *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 311-12 (2d Cir. 2000) (holding that the CSRA, a criminal statute, does not impliedly create a private right of action on behalf of custodial parents). Because the CSRA does not provide a private right of action, Plaintiff cannot bring a claim under the statute. Moreover, as a private citizen, Plaintiff lacks standing to prosecute criminal actions in federal court. *See, e.g.*, *Everson-El v. Florida*, 2012 WL 3041105, at *2 (M.D. Fla. July 25, 2012) ("Absent a statute expressly conferring standing, 'a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.'" (quoting *Otero v. United States Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1997) (per curiam))).

Finally, the court also notes that matters regarding paternity, custody, and child support do not "arise under" federal law as required by 28 U.S.C. § 1331 in order for this court to exercise jurisdiction. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("Long ago we observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of

---

[1] The CSRA was amended in 1998 by the Deadbeat Parents Punishment Act. The 1998 Amendment subjects individuals not complying with support orders to more severe punishment.

the United States.'" (quoting *Ex re Burrus*, 136 U.S. 586, 593-94 (1890))).

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be DISMISSED prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

It is further

ORDERED that on or before **September 12, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of August, 2012.

                          /s/ Wallace Capel, Jr.
                          WALLACE CAPEL, JR.
                          UNITED STATES MAGISTRATE JUDGE